UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYGNETICS, INC.,

      Plaintiff,

Case No. 12-cv-14328
Honorable Gershwin A. Drain

v.

HOPS INTERNATIONAL, INC.
      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO TRANSFER [#10]

### I.  INTRODUCTION

Pending before the Court is Defendant HOPS International, Inc.'s ("HOPS") Motion to Dismiss/Transfer for Improper Venue, filed on December 20, 2012.  The motion has been fully briefed and the Court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the Court will deny Defendant's motion to dismiss/transfer this case to the Eastern District of Virginia because venue in Michigan is proper.

### II.  FACTUAL BACKGROUND

On September 28, 2012, Plaintiff Sygnetics, Inc. ("Sygnetics") filed suit against Defendant in this Court alleging two counts, breach of contract (Count I) and unjust enrichment (Count II). Plaintiff is a corporation, headquartered in Michigan, that provides

temporary employees to private industry, in addition to providing temporary employees to federal, state, and local governments. *See* Plt.'s Response, Dkt. No. 14, pg. 5. Defendant is a corporation, headquartered in Florida, which specializes in the collection of data from its customers and processes it in such a way that managers can make fact-based tactical or strategic decisions based on the information. *See* Def.'s Mot. to Dismiss, Dkt. No. 10, pgs. 4-5.

The parties were in discussions to form a joint venture when Defendant allegedly borrowed money from Plaintiff to pay debts and to retain consultants that might otherwise jeopardize the joint venture going forward. *See* Plt.'s Response, Dkt. No. 14, pg. 6. A promissory note was executed and Plaintiff contends that Defendant has not paid back any of the monies loaned.

On December 20, 2012, Defendant filed a motion to dismiss for improper venue or, in the alternative, to transfer the case to the Eastern District of Virginia, where Defendant's owner resides. *See generally* Def.'s Mot.

III. LAW AND ANALYSIS

A.  STANDARD OF REVIEW

Federal Rule of Civil Procedure12(b)(3) is the procedural vehicle that governs a challenge of improper venue. The Federal Rules of Civil Procedure do not, however, contain any venue provisions or requirements. The requirements for venue are set by statute, as well as the remedies that are available for improper venue and inconvenient venue. The defendant bears the burden of proving that venue is improper. *Amphion Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 945 (E.D. Mich. 2003) (citing 17 JAMES WM.

MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 110.01 (3d ed. 1997)).

The court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. *See, e.g.*, *Moore v. AT & T Latin American Corp.*, 177 F. Supp.2d 785, 788 (N.D. Ill. 2001) (citation omitted); *Solow Bldg. Co., LLC v. ATC Assocs.*, Inc., 175 F. Supp.2d 465, 469 (E.D.N.Y. 2001) (citations omitted). In a diversity action, venue must be proper under 28 U.S.C. § 1391(a), which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in:
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

If a defendant prevails on a Rule 12(b)(3) challenge, the court has the discretion to decide whether the action should be dismissed or transferred to an appropriate court. *See* 28 U.S.C. § 1406. In the alternative, Defendant seeks a transfer of the case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

### 1.  IMPROPER VENUE

Defendant argues that venue is not proper in Michigan because Defendant resides

out of state and all of the substantial events occurred out of state. Defendant maintains that pursuant to 28 U.S.C. § 1404(a), many of the people involved in the disputed transaction reside in Virginia, the documents were executed in Virginia, and the technology is located in Virginia. Furthermore, Defendant argues that none of the provisions of the general venue statute, 28 U.S.C. 1391(b), apply to it:

> Section (1) . . . does not apply because no defendant in this case resides in Michigan. Section (3) does not apply because there is a district where an action may otherwise be brought, namely, in Virginia, Defendant's headquarters. Section (2) . . . does not apply because there is no substantial part of the events or omissions giving rise to the claim having occurred in Michigan.

Def.'s Mot., pg. 6. Thus, the Court should transfer the case due to convenience and in the interest of justice.

Plaintiff counters that the promissory note provided that it would be interpreted under the laws of the State of Michigan, the signatories to the executed contracts lived or were located in Michigan, and the parties discussed purchasing a building in Michigan and toured the proposed site. *See generally* Plt.'s Resp. Furthermore, Plaintiff argues that:

> [b]ased on the broad statutory language [of § 1391(a)], it is quite possible for venue to exist in more than one forum. The statute requires only that a substantial part of the events or omissions transpires in the district, but it does not require a party to weigh which of several districts possesses the most substantial part.

Plt.'s Resp., pg. 9 (quoting *Audi AG v. Izumi*, 204 F. Supp. 2d 1014, 1022 (E.D. Mich, 2002)).

Here, the relevant provision is § 1391 (a)(2). The United States Court of Appeals for the Sixth Circuit has interpreted "substantial part" "to include[ ] any forum with a substantial

connection to the plaintiff's claim." *See First Michigan Corp. v. Bramlet*, 141 F.3d 260, 263-64 (6th Cir. 1998) (applying Section 1391(a)). This standard does not require that a majority of the acts or omissions giving rise to a plaintiff's claims occur in the venue chosen by Plaintiff. *Id.* at 263. "[I]t is sufficient that a substantial part of the events occurred in the challenged venue, even if a greater part of the events occurred elsewhere." *Cobasys, L.L.C. v. FMP Resistance Welding Supply, Inc.*, Case No. 07-13736, 2008 U.S. Dist. LEXIS 3517, at *5- 6 (E.D. Mich. Jan. 17, 2008).

In an action for breach of contract, courts making venue determinations under § 1391(a)(2) evaluate several factors to determine whether a substantial part of the events occurred in the forum selected by a plaintiff, including: (1) where the contract was negotiated and executed, (2) where the contract was performed, and (3) where the alleged breach occurred. *Integrated Mgmt. Sys. v. Snehasish Maity*, Case No. 11-14382, 2012 U.S. Dist. LEXIS 6028, at *10 (E.D. Mich. Jan. 19, 2012). Courts in this district have also considered where the effects of a defendant's alleged breach of contract are experienced. *See, e.g., Cobasys, L.L.C.*, 2008 U.S. Dist. LEXIS 3517 at *5-6. A defendant bears the burden of establishing that venue is improper. *Amphion Inc.*, 285 F. Supp. 2d at 945. Thus, to succeed on its motion, Defendant must "demonstrate that . . . no substantial part of the events giving rise to [Plaintiff's] claim[s] occurred in the Eastern District of Michigan." *Cobasys, L.L.C.* 2008 U.S. Dist. LEXIS 3517 at *5.

Defendant's reliance on its assertions that the preliminary documents and merger discussions between the parties was initiated in Virginia and that the software and technology of the merger and the proposed headquarters were also in Virginia are misplaced. First, the subjects of the claims in this lawsuit are not the proposed joint

venture, the contracts at issue are a services contract executed by the parties on January 5, 2012, and a consultant services agreement executed on January 13, 2012, both supported by a Promissory Note. See Plt.'s Resp., pgs. 35-40. It is unclear to the Court where the agreements were executed and negotiated, and the documents provided do not indicate where Plaintiff provided the services. However, it is undisputed that both parties were in Virginia and Michigan at various times and for various purposes surrounding the negotiations and transactions of their businesses. Thus, the first two prongs of the *Integrated Mgmt.* test do not favor either party. See *Integrated Mgmt. Sys.*, 2012 U.S. Dist. LEXIS 6028, at *10. Therefore, the Court will focus on the effects of the Defendant's breach and where the breach occurred.

Here, Defendant entered into a loan agreement and two contracts for services with Michigan-based Plaintiff. In the agreements, the billing and contact information was to come from Plaintiff's accounting department located in Michigan. *See* Plt'.s Resp., pgs. 37, 39. It is undisputed that the money used by Plaintiff to fund the transactions was from a Michigan bank. *See* Def.'s Mot., Affidavit of Jay Fettner, Chairman and CEO of HOPS International, Inc., Dkt. No. 10-1, ¶ 13. Thus, the breach and its effects would be borne in Michigan and by Plaintiff in Michigan.

Because the Court concludes that the contracts were at least in part negotiated in Michigan, the invoices and billing originate from Plaintiff's Michigan location, and Plaintiff experienced the harm of Defendant's alleged breaches in Michigan, venue is proper under § 1391(a)(2) because this action has a substantial connection to the Eastern District of Michigan.

## 2.  TRANSFER OF CLAIMS PURSUANT TO 28 U.S.C. § 1404

Although venue is proper in the Eastern District of Michigan, the case may be transferrable to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a),  based on the convenience of witnesses and the interest of justice. Section 1404(a) provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In making this decision, the Court must consider whether: (1) the action could have been brought in the proposed transferee district court, (2) the transfer would promote the interest of justice, and (3) a transfer is for the convenience of the witnesses and parties. *Amphion Inc.*, 285 F. Supp. 2d at 946.  The moving party must demonstrate by a preponderance of the evidence that, in light of these factors, "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001).

The decision to transfer is also guided by the following factors:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Integrated Mgmt. Sys.*, 2012 U.S. Dist. LEXIS 6028, at *13-14 (citing *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)).  "[A] plaintiff's choice of forum will be

given deference unless the defendant makes an appropriate showing," and "[t]ransfer is not appropriate if the result is simply to shift the inconvenience from one party to another." *Audi AG,* 204 F. Supp. 2d at 1023.

The parties do not dispute whether this suit could have been brought in the U.S. District Court for the Eastern District of Virginia. *See* Plt.'s Resp., pg. 10; *See generally*, Def.'s Mot. Therefore, the Court will focus its analysis on whether the transfer serves the interest of justice and the convenience of the witnesses. The Court will then address the relevant *Integrated Mgmt. Sys.* factors listed earlier. *See Integrated Mgmt. Sys.*, 2012 U.S. Dist. LEXIS 6028, at *13-14.

The Defendant summarily lists several factors that it alleges support the interest of justice and convenience for the case to be transferred to Virginia. *See* Def.'s Mot. Pg. 8. However, out of the nine *Integrated Mgmt. Sys.* factors, only three of Defendant's proposed reasons are relevant to the Court in its consideration in determining if transfer of this case to Virginia is proper. First, under factor one, Defendant states that key witnesses reside in Virginia: listing Lauren White, Ms. Forte Goodman, and Mr. Jay Fetner[1]. Alternatively, Plaintiff also has several potential witnesses and those witnesses reside in Michigan. Second, under factor four, Defendant makes unsupported claims that all of the "substantial parts of the case" took place outside of Michigan. Third, under factor six, Defendant, without specifically addressing the means of the Plaintiff, states that the relative means of the parties are in favor of transfer to Virginia because Defendant has "little cash available

---

[1] Defendant erroneously lists Ms. Forte Goodman and Mr. Jay Fetner as Defendants, when in fact, Ms. Goodman is the owner of HOPS, International, Inc. and Mr. Fetner is the Chairman and Chief Executive Officer, neither are named defendants in the case at bar.

and out-of-state litigation would be a crushing burden." *Id.* at 9. Conversely, Plaintiff alleges that it is operating at an economic loss and as a result, has reduced its workforce. Defendant does not address any of the other *Integrated Mgmt. Sys.* factors and argues that the three aforementioned factors all weigh in favor of it being more convenient to try this case in Virginia. The Court disagrees.

Defendant has presented no compelling reason for his request to transfer. Defendant's case for transfer merely shifts the inconvenience of trial from Defendant to Plaintiff. *Kelly Servs. v. Eidnes*, 530 F. Supp. 2d 940, 949 (E.D. Mich 2008) (denying the transfer of the case because both parties claimed to have material witnesses in their respective locales and "a change of venue would only trade inconveniences."). More specifically, factors one, two, three, and five do not favor either party. The convenience of the parties is evenly balanced between Michigan and Virginia. Much of the evidence in this case is in the possession of Plaintiff and Defendant at their corporate offices in Michigan and Virginia respectively, and neither party demonstrates that a substantial part of the evidence is in its possession. The parties have indicated that most of their witnesses will be employees of the prospective companies, and therefore, availability of process should not be of great concern.

As to factor four, where the locus of operative facts giving rise to Plaintiff's claims occurred, the parties have not presented the Court with enough facts to make a determination. The Court does acknowledge that Defendant chose to contract with Michigan-based Plaintiff for various services; however, the documents presented to the Court do not indicate where the contracts or the promissory note were executed, nor does it indicate where Plaintiff provided its services.

Factor seven, the forum's familiarity with the governing law, weighs in favor of Plaintiff. Defendant is correct when it states that whether the case is in federal court in Michigan or Virginia, the court will sit in diversity. However, because the contracts at issue are expressly governed by Michigan law, it is far more likely that the U.S. District Court for the Eastern District of Michigan – that regularly sits in diversity for Michigan cases – would be more familiar with Michigan law than a federal court in Virginia.

Factors eight and nine also weigh in on the side of the Plaintiff. As the Court mentioned before, "a plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing," and "[t]ransfer is not appropriate if the result is simply to shift the inconvenience from one party to another." *Audi AG*, 204 F. Supp. 2d at 1023. Moreover, Defendant contracted with Michigan-based Plaintiff, who in turn borrowed money from a Michigan-based bank to fund the parties' business arrangement. Both the bank and Plaintiff would suffer the effects of Defendant's breach in Michigan. Thus, Defendant has not made the appropriate showing that a substantial part of the events that give rise to Plaintiff's claims did not occur in Michigan. *See Cobasys, L.L.C.*, 2008 U.S. Dist. LEXIS 3517 at *5. Furthermore, Defendant has not demonstrated that the "convenience of witnesses" and the "interest of justice" favor transferring this case to the U.S. District Court for the Eastern District of Virginia. 28 U.S.C. § 1404(a). Accordingly, Defendant's motion to transfer venue is DENIED.

### 3.  CONCLUSION

For the reasons stated in this opinion, the Court finds that venue is proper in the U.S. District Court for the Eastern District of Michigan and that a transfer to the U.S. District

Court for the Eastern District of Virginia would not serve the interest of justice.

THEREFORE, IT IS ORDERED that Defendant's Motion to Dismiss, or in the Alternative, to Transfer [Dkt. No. 10] is DENIED.

SO ORDERED.

Dated: April 5, 2013 /s/Gershwin A Drain
GERSHWIN A. DRAIN
United States District Judge