UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYGNETICS, INC.,

    Plaintiff,

v.

                                    Case No. 12-14328
                                    Honorable Gershwin A. Drain

HOPS INTERNATIONAL, INC.

    Defendants.

_____/

**<u>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [#65]</u>**

On November 15, 2013, this Court entered an Order granting Plaintiff, Sygnetics, Inc.'s (Sygnetics") Motion for Summary Judgment on Defendant, HOPS International Inc.'s ("HOPS") Counterclaim. *See* Dkt. No. 62. The Court's Order found in relevant part that even when the evidence was considered in a light most favorable to the non-moving party, there was "still no prima facie case to establish that Sygnetics acted with fraudulent intent." Dkt. No. 62 at 11. While the Court found that HOPS and Sygnetics entered into some form of promissory agreement, it also determined that "case law clearly supports Sygnetics in a finding that a broken promise does not constitute fraud, irregardless of the fact that another party may have relied on said promise." *Id.* In the present motion, HOPS asks the Court to reconsider its ruling on the Counterclaim.

Motions for Reconsideration are governed by Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). Here, HOPS merely re-raises the same arguments already considered and rejected by this Court. HOPS identifies no palpable defect by which this Court has been misled, the correction of which will result in a different disposition of this Court's November 15, 2013 Order granting Plaintiff's Motion for Summary Judgment to dismiss Defendant's counterclaim.

As the Court already determined, and contrary to HOPS's argument, Sygnetics failure to follow through with establishing the Newco Plan "does not constitute fraud, nor is it evidence of fraud." Dkt. No. 62 at 10 (citing *Marrero v. McDonnell Douglas Capital Corp.*, 200 Mich. App. 438, 444 (1993)). Rather, the Court determined that all of the statements made by Sygnetics were future promises and were "thus contractual and cannot be the basis for an action of fraud." *Id.* at 11 (citing *State Bank of Standish v. Curry*, 190 Mich. App. 616, 623 (1991)). HOPS again asks the Court to recognize statements made by Lauren White ("White"), Sygnetics' acting COO, and Tony Tarkowski ("Tarkowski"), Sygnetics' CEO and owner, to P.J. Fetner ("Fetner"), the owner and operator of HOPS, that Sygnetics had the capability and resources to participate in Newco, as material factual misrepresentations. HOPS argues it relied on a misrepresentation of fact, not a future promise, which is sufficient to survive a motion for summary judgment. Additionally, HOPS again requests that the Court recognize that a motion for summary judgment is premature in the absence of legitimate discovery, and maintains that there is still a substantial amount of documentation to sift through.

However, HOPS's motion simply re-argues facts already considered and rejected by this Court. Moreover, HOPS cites no case law to support its request for reconsideration. The Court was not mislead and it will not change the outcome.

Accordingly, HOPS's Motion for Reconsideration [#65] is DENIED.

SO ORDERED.

Dated: December 9, 2013          /s/Gershwin A Drain
                                 GERSHWIN A. DRAIN
                                 UNITED STATES DISTRICT JUDGE